UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

VALLEY FORGE COMPOSITE
TECHNOLOGIES, INC.,

    Debtor,

CHAPTER 11

CASE NO. 13-bk-5253-JJT

**ORDER UNDER SECTIONS 105, 362 AND 363 OF THE BANKRUPTCY
CODE AND RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (1) AUTHORIZING THE DEBTOR
TO ENTER INTO THE SETTLEMENT AGREEMENT AMONG
THE DEBTOR AND ITS OFFICER, AND (2) AUTHORIZING
PAYMENT BY THE DEBTOR'S INSURER OF THAT SETTLEMENT**

Upon the Joint Motion of Valley Forge Composite Technologies, Inc. (the "Debtor"), and its Directors, Officers and Corporate Liability Insurer, Berkley Insurance Company ("Berkley"), for an Order, under sections 105, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement agreement in the Litigation against the Debtor and one of its officers for the payment of $187,500 (as more fully described in the Motion, the "Settlement Agreement"), the Court finds and concludes that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C §§ 157 and 1334, (ii) the settlement proposed in the Settlement Agreement is warranted by the business considerations and other factors set forth in the Motion, and such decisions are appropriately within the business judgment of the Debtor, and (iii) due and proper notice of the Motion has been provided and no other or further notice need be provided.

Based upon the above findings and conclusions; upon the Motion, the files and records in this case, and the proceedings had before the Court, if any; and after due deliberation and sufficient cause appearing therefor, it is:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that pursuant to Rule 9019 of the Bankruptcy Rules, the Debtor is authorized to enter into the Settlement Agreement; and it is further

**ORDERED** that (1) the Berkley Policy is not an asset of the estate of the Debtor, **or** (2) alternatively that, pursuant to section 362 of the Bankruptcy Code, the automatic stay in this case is lifted for the sole and limited purpose of (i) allowing the payment of $187,5000 pursuant to the Settlement Agreement by the Debtor's insurer, Berkley; and (ii) allowing the payment of Costs of Defense incurred in defending the Litigation by the Debtor's insurer, Berkley; and (iii) that all payments made by Berkley, for the Settlement Agreement ($187,5000) and for the Costs of Defense, shall reduce Berkley's limit of liability in an identical amount.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(BC)

Dated: December 17, 2013

2