# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Adam C. Harris
212.756.2253

Writer's E-mail Address
adam.harris@srz.com

December 15, 2014

**BY ECF**

Hon. John J. Thomas
United States Bankruptcy Judge
United States Bankruptcy Court
 for the Middle District of Pennsylvania
197 South Main Street
Wilkes-Barre, PA 18701

     Re:  *In re Valley Forge Composite Technologies, Inc.* (Bankr. M.D. Pa. 13-05253)

Dear Judge Thomas:

  We represent Aeroflex Incorporated, Aeroflex Colorado Springs, Inc. and Aeroflex Plainview, Inc. (collectively "Aeroflex") in connection with the above-referenced bankruptcy case, and write with respect to matters to be addressed at the status conference currently scheduled for tomorrow, December 16, 2014.

  As you are aware, on April 4, 2014 the Debtor, under the direction and control of its then Chairman Evan Levine, and Chief Executive Officer and Chief Financial Officer Keith McClellan,[1] filed a motion with this Court seeking the entry of an order authorizing the Debtor to obtain discovery from Aeroflex under Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 (the "2004 Motion") [Dkt. No. 141]. In the 2004 Motion, the Debtor represented to the Court that such discovery was necessary in order to permit the Debtor to determine whether the Debtor had claims against Aeroflex arising from or relating to the Debtor's export of radiation hardened microchips purchased from Aeroflex in violation of federal law. Initially, the Court declined to grant the relief requested. However, the Court subsequently granted the relief upon the Debtor's renewed request filed on July 23, 2014 (the "Renewed 2004 Motion")[Dkt. No. 336]. In the Renewed 2004 Motion the Debtor again represented to this Court that the Debtor needed the requested discovery in order to "evaluate potential claims" against Aeroflex -- a statement that

---

[1] The roles that Levine and McClellan held with the Debtor at the time of the 2004 Motion are based on the allegations set forth in the Qui Tam Complaint (as defined below). According to the Disclosure Statement, however, Levine was a board member of the Debtor elevated to the position of Chief Executive Officer on April 18, 2014, and McClellan was General Counsel for over four years with information that would "augment the Adversary Proceedings." *See* Disclosure Statement, dated April 29, 2014 [Dkt. No. 214].

Doc.id.22224162

Debtor's counsel repeatedly reiterated at the hearing on the Renewed 2004 Motion, and on which Your Honor relied in granting the relief. Aeroflex has been working diligently to comply with Your Honor's order authorizing an examination of Aeroflex under Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 ("Rule 2004 Examination"), dated August 29, 2014 (the "2004 Order") [Dkt No. 399] and, to that end, has completed its production of documents to the Debtor pursuant to the 2004 Order and in accordance with the terms of the Stipulation and Protective Order for the production of confidential and highly confidential information, dated October 21, 2014 [Dkt No. 446].

We write, however, with respect to the Rule 2004 Examination because it has recently come to Aeroflex's attention that, on January 31, 2014 -- more than three months prior to the filing of the 2004 Motion -- Messrs. Levine and McClellan filed a *qui tam* action in the U.S. District Court for the Eastern District of Kentucky against Aeroflex, as well as Xilinx, Inc. and Avnet, Inc. (Avnet is also also subject to a Rule 2004 Examination pursuant to an order entered by this Court). Despite the repeated representations made by the Debtor to this Court regarding the purported need for Rule 2004 discovery, in the *qui tam* complaint (a copy of which is attached; the "Qui Tam Complaint"), Messrs. Levine and McClellan alleged that they have "personal knowledge" of the defendants' alleged wrongdoing -- knowledge they admit they obtained in their capacities as officers and/or directors of the Debtor. *See* Qui Tam Complaint, ¶7-8. The filing of the Qui Tam Complaint by Messrs. Levine and McClellan in January 2014 -- based upon information they obtained from the Debtors -- is plainly inconsistent with the numerous and repeated representations made to this Court in connection with the 2004 Motion and the Renewed 2004 Motion. *See* Transcript of 8/19/14 Hearing at 21 ("We are going down this road to get that information so that we will be in a position to make a determination as to whether there are valid claims or not."); *id.* at 68 (". . .where we are now, Your Honor, is that we haven't made a determination as to whether we have sufficient evidence right now to allege a complaint consistent with Rule 11."); *id.* at 69 ("The debtors have asserted that they're not ready to file a complaint.").

We wanted to bring this recent development to the Court's attention by letter prior to the status conference scheduled for tomorrow, as a portion of that conference will address the status of the ongoing 2004 discovery and the scheduling of 2004 examinations. During that conference, Aeroflex intends to seek the Court's guidance regarding relief from any remaining obligations under the 2004 Orders based on the Debtor's failure to disclose to this Court the existence of the *qui tam* action and the role of Messrs. Levine and McClellan with respect to it, and what appear to be material misrepresentations made to this Court in connection with the pursuit of the 2004 Order.

Sincerely,

Adam C. Harris

Enclosure

Cc: Robert Bovarnick, Esq. (rmb@rbovarnick.com)
    Benjamin Fliegel, Esq. (bfliegel@reedsmith.com)
    Lawrence Kotler, Esq. (ljkotler@duanemorris.com)
    Scott Lepene, Esq. (scott.lepene@thompsonhine.com)

    Annapoorni Sankaran, Esq. (sankarana@gtlaw.com)
    Michael Schaedle, Esq. (schaedle@blankrome.com)