# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

| | | |
|---|---|---|
| **VALLEY FORGE COMPOSITE TECHNOLOGIES, INC.** Debtor(s) | Chapter: | **7** |
| | Case Number: | **4-13-bk-05253-JJT** |
| **LOUIS J. BROTHERS and ROSEMARY BROTHERS** Movant(s) vs. | Document No.: | **573** |
| **JOHN P. NEBLETT, CHAPTER 7 TRUSTEE ON BEHALF OF VALLEY FORGE COMPOSITE TECHNOLOGIES, INC.** Respondent(s) | Nature of Proceeding: | **Motion for Relief from Automatic Stay** |

## OPINION

Louis and Rosemary Brothers have filed a Motion to lift the automatic stay (Doc. #573) to allow the advancement of defense costs under a Directors, Officers and Corporate Liability Policy (D & O Policy) owned by the Chapter Seven Debtor, Valley Forge Composite Technologies, Inc. In the alternative, they seek a declaratory judgement that the automatic stay does not apply. An Objection (Doc. #579) was filed to that Motion by the Chapter Seven Trustee, John Neblett. The Trustee, in his pleading, argued that the Movants' rights to have defense costs paid by the insurance carrier is a matter of contract between the Movants and the insurance carrier and is not subject to adjudication by this Bankruptcy Court. The Trustee argued that the Movants may, in fact, have no rights under the policy in question. Regardless, the Trustee submitted, the Court should not issue a "comfort order" in the absence of a controversy. At the hearing, the Trustee reconsidered his Objection and claimed that no relief should be granted to the Movants inasmuch as the Trustee had a "greater interest" in the proceeds of the policy.

A further Objection (Doc. #587) was filed by Robert Neborsky, a litigant suing the Debtor and Louis Brothers in a class action in a California District court, alleging violations of

securities law. Neborsky argues that the policy in question is a "wasting policy," and the more paid for defense costs, the less will be available to pay claims resulting from securities law infractions.

The matter was heard on April 21, 2015 and thereafter taken under advisement.

The D & O Policy owned by the Debtor provides $1,000,000 coverage. All payments made by the insurer are deducted from this limit. Those payments would include defense costs, indemnification obligations, or payments to litigants. Insurance policies are considered property of the bankruptcy estate. *ACandS, Inc. v. Travelers Casualty & Surety Co.,* 435 F.3d 252, 260 (3rd Cir.2006). While ownership of the policy would typically lie with the Debtor, the Debtor would not necessarily have the ownership of the proceeds. *First Fidelity Bank v. McAteer*, 985 F.2d 114, 117 (3rd Cir.1993).

Returning to the issue at hand, the parties are reminded that the procedural posture of this case limits the range of disposition. The first inquiry requires that I determine whether the automatic stay is in effect as to limit the ability of the Movants to make demand on the policy for defense costs. I believe that the answer to that question can be found by reference to the earlier cited cases of *First Fidelity Bank v. McAteer*, which confirms that proceeds payable to non-debtors are not property of the estate. *Accord, In re Adelphia Communications Corp.,* 298 B.R. 49, 53 (S.D.N.Y.2003). In disposing of *McAteer*, our Third Circuit Court of Appeals relied on a discussion of these issues in the case of *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1401 (5th Cir.1987). *Louisiana World Exposition* addresses issues not unlike those before me. In that case, the creditors' committee sought an injunction to halt payment of proceeds of D & O policies for legal expenses of directors and officers since it would reduce coverage available to the Debtor should it be required to pay indemnification. That court's simple conclusion was that liability proceeds payable to the directors and officers are not part of the debtor's estate. Adopting that conclusion to the

facts of the case before me, I am compelled to surmise that the Movants are not attempting to obtain "possession of property of the estate or of property from the estate or to exercise control over property of the estate" as is addressed by 11 U.S.C. § 362(a)(3). The automatic stay, therefore, does not apply, and the Movants need not obtain this Court's permission to seek payment under the policy.

    I do recognize that the objectors may very well have standing to seek injunctive relief to prevent dissipation of the proceeds of the Debtor's D & O policy, although that issue is not now before me. Under § 362, the Court is concerned with protecting property of the estate, and, in order to be considered such property, the proceeds must meet the threshold for consideration only "upon the fixing of [the insured's] rights to actually receive such payment." *In re Petters Co., Inc.*, 419 B.R. 369, 374 (Bankr. D.Minn. 2009). While Movants' rights to the costs of defense have accrued, Neborsky's as well as the Trustee's rights to policy proceeds have yet ripened. The Trustee's right to make a claim for indemnification only arises upon the actual payment by an insured person of a covered loss. Neither the Trustee nor Neborsky have set forth the facts that would allow me to find that the Debtor has a property interest in the policy proceeds. Even if they did, it is not relevant to the issue of whether Movants must first seek authority from the Bankruptcy Court before making claim on the policy.

    Neborsky also argues that, among beneficiaries of the policy, the Movants have a lower priority than Neborsky. That is an argument that does not impact the disposition of the proceeding. Rather, it sounds in contract law and affects only the insured parties and not necessarily the bankruptcy estate. In the absence of a finding that the proceeds are property of the estate or injunctive relief has been otherwise ordered, the Bankruptcy Court simply will not interfere with the rights of the parties under the insurance contract.

    I therefore conclude that the Movants' Motion for relief is denied inasmuch as the

automatic stay does not prevent Movants from making a claim on the policy proceeds for costs of defense.

    My Order is attached.

By the Court,

*[signature]*

Date: December 21, 2015

John J. Thomas, Bankruptcy Judge

(CMS)